IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR GONZALEZ,

    Petitioner,                    No. CIV S-10-3112-WBS-DAD

    vs.

BOARD OF PAROLE HEARINGS,
et al.,

    Respondents.               FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, Oscar Gonzalez, is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole consideration hearing held on January 29, 2009. Respondent has moved to dismiss the petition on the grounds that it fails to state a claim cognizable in a federal habeas corpus petition. (Doc. No. 11.) For the reasons set forth below, the undersigned will recommend that respondents' motion to dismiss be granted.

I. Procedural Background

        Petitioner is confined pursuant to a 1982 judgment of conviction entered against him in the San Joaquin County Superior Court following his conviction on a charge of first

1

1  degree murder. (Doc. 1 at 1.)¹  Pursuant to that conviction, petitioner was sentenced to twenty-
2  five years to life in state prison. (Id.)
3     The parole consideration hearing that is placed at issue by the instant federal
4  habeas petition was held on January 29, 2009. (Id. at 37.) The record before the court reflects
5  that petitioner appeared at and participated in that hearing. (Id. at 38-117.) Following
6  deliberations held at the conclusion of the hearing, the Board panel announced their decision to
7  deny petitioner parole for three years as well as the reasons for that decision. (Id. at 118-130.)
8  Specifically, in denying parole the Board reasoned that:

> "We weighed heavily your prior criminal history, because
> although you have no juvenile record, you do have an adult record
> that's very serious,
>
> * * *
>
> You had gang activity in the Little Unity Street Gang, and it
> appears that you occupied a position of some leadership. You still
> do not acknowledge that position in any way, but your age would
> indicate and your performance in this commitment offense would
> indicate that you did, in fact, occupy a position of leadership.
>
> * * *
>
> The Panel also weighed very heavily your history in prison of 115s,
> which included most recently in 1995 mutual combat, it included
> trafficking in narcotics, under the influence of alcohol, possession
> of inmate manufactured alcohol, and you were in the SHU until the
> year 2003. So, the fact that you were in a gang in prison for a
> significant period of time, to your credit you debriefed, but the
> Panel weighed very heavily that participation in the gangs, which
> seemed to carry forward your lifestyle from the streets right into
> prison, and for a significant period of time you continued to display
> negative behavior in prison."

(Id. at 121-23.)

   Petitioner challenged the Board's 2009 decision to deny him parole in a petition
for writ of habeas corpus filed in the San Joaquin County Superior Court. (Id. at 2-3.) That court

---

¹ Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1 denied the petition, finding that California's "some evidence" standard had been met by the
2 Board in its decision. (Id. at 133.) Petitioner subsequently challenged the Board's 2009 decision
3 in a petition for writ of habeas corpus filed in the California Court of Appeal for the Third
4 Appellate District. (Id. at 3.) The Court of Appeal summarily denied that petition. (Id. at 135.)
5 Petitioner then filed a petition for review with the Supreme Court of California, which was also
6 summarily denied. (Id. at 137.)

7    On November 18, 2010, petitioner filed his federal application for habeas relief in
8 this court. Therein, petitioner contends that the Board's 2009 decision to deny him parole was
9 not supported by "some evidence" that he posed a current danger to society if released from
10 prison, as required under California law. (Id. at 7-17.)

11 II. Analysis

12    Respondents move to dismiss the pending petition pursuant to Rule 4 of the Rules
13 Governing §2254 Cases in the U.S. District Courts for failure to state a cognizable claim.
14 Specifically, respondents argues that petitioner's claim challenging the merits of the Board's
15 decision to deny him parole, is not cognizable in a federal habeas petition. Respondents rely on
16 the United States Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S. ___ , ___,
17 131 S. Ct. 859, 862 (2011) for the proposition that the only federal due process rights that a
18 California prisoner has at a parole hearing are: (1) an opportunity to be heard, and (2) a statement
19 of the reasons why parole was denied.

20    This court has authority under Rule 4 to dismiss a petition if it "plainly appears
21 from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in
22 the district court . . . ." As a corollary to that rule, the court may also consider a respondent's
23 motion to dismiss, filed in lieu of the answer, on the same grounds. (See O'Bremski v. Mass,
24 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to
25 exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Circ. 1989) (using Rule 4 as
26 the procedural vehicle to review a motion to dismiss for state procedural default).

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout, 131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[2]

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law. However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

5

("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

The federal habeas petition pending before the court and the record submitted therewith reflects that petitioner was represented by counsel at his 2009 parole suitability hearing. (Doc. 1 at 37.) As described above, the record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. That is all the process that was due petitioner under the U.S. Constitution. Swarthout, 131 S. Ct. at 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. It now plainly appears that petitioner is not entitled to federal habeas relief with respect to his due process claim. Accordingly, respondent's motion to dismiss this action should be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Doc. No. 11.) should be granted and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board), overruled in part by Swarthout, 131 S. Ct. 859 (2011).

DATED: July 29, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:ac
gonzalez3112.hc